**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jonathan Ashley TURNER, a.k.a.**
**Big Jay, a.k.a. Big Gooney,**
**Defendant–Appellant.**

**No. 15–13945**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 12, 2016.

Brent Alan Gray, John Andrew Horn, Lawrence R. Sommerfeld, U.S. Attorney's Office, Atlanta, GA, for Plaintiff–Appellee.

---

James Wesley Bryant, Stephanie A. Kearns, Federal Defender Program, Inc., Atlanta, GA, for Defendant–Appellant.

Before TJOFLAT, WILLIAM PRYOR and JILL PRYOR, Circuit Judges.

PER CURIAM:

On February 10, 2011, Jonathan Ashley Turner having pled guilty to conspiracy to possess and sell stolen firearms [1] and being a felon in possession of firearms,[2] was sentenced to concurrent prison terms of 27 months and a supervised release term of three years. On August 18, 2015, after Turner repeatedly violated the conditions of supervised release by refusing to sign a drug treatment referral and, consequently, for failing to obtain treatment for his drug abuse, the District Court, following a hearing, granted the Probation Office's petition to revoke his supervised release pursuant to 18 U.S.C. § 3583(e). The court then sentenced Turner to a term · of four months' imprisonment, a term below the applicable sentence range under the Sentencing Guidelines. Turner appeals the District Court's decision, arguing that the sentence is substantively unreasonable when one considers his financial obligations, successful employment, and his reasons for failing drug tests.

The revocation of supervised release is committed to the district court's sound discretion. *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008). To revoke a term of supervised release, and require the defendant to serve time in prison, the court must consider the sentencing factors outlined in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7). These factors include the nature and circumstances of the offense and the history and characteristics of the defendant, the need for the sentence imposed to deter criminal conduct, the need to protect the public from further crimes of the defendant, and the applicable guideline range. *Id.* §§ 3553(a)(1), (a)(2)(B)-(D). In the end, the court must impose a sentence that is "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2). *Id.* § 3553(a).

In reviewing a sentence imposed following the revocation of supervised release, we consider the totality of the circumstances and evaluate whether the sentence achieves the sentencing purposes stated in § 3553(a). *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir.2009). We ordinarily consider reasonable a sentence within the Guidelines sentence range. *Id.* 575 F.3d at 1219.

The four months' sentence imposed here is substantively reasonable. The record establishes that the properly court considered the 18 U.S.C. § 3553 factors. In doing so, it was within the court's discretion to give more weight to Turner's failed drug tests and refusal to obtain drug treatment than to his financial obligations and successful employment.

AFFIRMED.

---

1. *See* 18 U.S.C. § 371.

2. *See* 18 U.S.C. § 922(g)(1).